08 CV 0159

86-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
LORIE SHIPPING INC and
MARIA SHIPPING AND TRANSPORT INC
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LORIE SHIPPING INC and
MARIA SHIPPING AND TRANSPORT INC,

                            Plaintiffs,

  -against-

ZENON PETROLEUM AND GAS LTD,

                           Defendant.
-------------------------------------------------------------------x

08 Civ _____ (____)

**VERIFIED COMPLAINT**

      Plaintiffs, LORIE SHIPPING INC (hereinafter "LORIE") and MARIA SHIPPING AND TRANSPORT INC (hereinafter "MARIA") for their Verified Complaint against Defendant ZENON PETROLEUM AND GAS LTD (hereinafter "ZENON") allege upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of two maritime contracts of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

NYDOCS1/298849.1

2. At all times material hereto, Plaintiff LORIE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 80 Broad Street, Monrovia, Liberia.

3. At all times material hereto, Plaintiff MARIA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 80 Broad Street, Monrovia, Liberia.

4. At all times relevant hereto, Defendant ZENON was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at No. 7 Tiamiyu Savage Street, Victoria Island, Lagos, Nigeria.

### The M/T STORM Charter Party

5. On or about December 22, 2006, Defendant ZENON, as charterer, entered into a maritime contract of charter party with Plaintiff LORIE, as vessel owner, for the use of the M/T STORM for a time charter period of three months.

6. Under the charter, Defendant ZENON was obligated to pay charter hire at the rate of $17,000 per day pro rata from the time and date of her delivery to ZENON until the time and date of her redelivery to LORIE.

7. The charter further provided that hire was to be paid by Defendant ZENON every 30 days in advance with the first hire payment due upon the vessel's delivery to ZENON.

8. In default of proper and timely payment of hire under the charter, interest on any amount due was to accrue from the day after payment was due up to and including the day when payment is made at a rate of 1% per annum above the U.S Prime Interest Rate as published by the Chase Manhattan Bank in New York at 1200 hours New York time on the date due, or, if no

such interest rate is published on that day, the interest rate published on the next preceding day on which such a rate was so published, compounded semi-annually.

9.  Plaintiff LORIE duly delivered the M/T STORM into the service of Defendant ZENON and performed all of its obligations under the charter.

10. In breach of the charter, and despite due demand, Defendant ZENON has failed to pay hire for the following three hire periods for the following amounts:

| Hire Period | Hire Due | Date Due | Interest Rate | Interest To Date |
|---|---|---|---|---|
| 09/12/07 – 10/10/07 | $510,000 | 09/11/07 | 9.25% | $19,833.34 |
| 10/12/07 – 11/11/07 | $516,000 | 10/15/07 | 8.75% | $14,734.76 |
| 11/11/07 – 11/18/07 | $107,518.17 | 11/18/07 | 8.50% | $2,129.62 |

for a total amount due of $1,170,215.89 = $1,133,518.17 (hire due) + $36,697.72 (interest due), the entire amount of which, despite due demand to Defendant ZENON, remains due and outstanding under the charter.

## The M/T LADY Charter Party

11. On or about July 17, 2007, Defendant ZENON, as charterer, entered into another maritime contract of charter party with Plaintiff MARIA, as vessel owner, for the use of the M/T LADY for a time charter period of three months plus 15 days in MARIA's option.

12. Under the charter, Defendant ZENON was obligated to pay charter hire at the rate of $17,000 per day pro rata from the time and date of her delivery to ZENON until the time and date of her redelivery to MARIA.

13. The charter further provided that hire was to be paid by Defendant ZENON every 30 days in advance with the first hire payment due upon the vessel's delivery to ZENON.

14. In default of proper and timely payment of hire under the charter, interest on any amount due was to accrue from the day after payment was due up to and including the day when

payment is made at a rate of 1% per annum above the U.S Prime Interest Rate as published by the Chase Manhattan Bank in New York at 1200 hours New York time on the date due, or, if no such interest rate is published on that day, the interest rate published on the next preceding day on which such a rate was so published, compounded semi-annually.

15.   Plaintiff MARIA duly delivered the M/T LADY into the service of Defendant ZENON and performed all of its obligations under the charter.

16.   In breach of the charter, and despite due demand, Defendant ZENON has failed to pay hire for the following two hire periods for the following amounts:

| Hire Period | Hire Due | Date Due | Interest Rate | Interest To Date |
|---|---|---|---|---|
| 10/07/07 – 11/06/07 | $516,000 | 10/08/07 | 8.75% | $15,607.16 |
| 11/06/07 – 11/16/07 | $106,147.22 | 11/16/07 | 8.50% | $2,151.86 |

for a total amount due of $639,906.24 = $622,147.22 (hire due) + $17,759.02 (interest due), the entire amount of which, despite due demand to Defendant ZENON, remains due and outstanding under the charter.

### The Dispute

17.   Both charter parties provide for the application of English law and disputes between the parties to be resolved by litigation before the English High Court, and Plaintiffs LORIE and MARIA specifically reserve their right to litigate the substantive matters at issue. Litigation has been or will shortly be commenced.

18.   This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiffs LORIE's and MARIA's claims made or to be made in litigation under English law, as agreed by the parties.

19. As a regular feature of English law, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the litigation, and interest, all of which constitutes a part of the Plaintiffs' main claims and the amount sued for herein.

20. Plaintiff LORIE estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London litigation will be $300,000. Interest anticipated to be awarded is estimated to be $135,091.90 (calculated at the rate of 5.5% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in Londno).

21. Plaintiff MARIA estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London litigation will be $300,000. Interest anticipated to be awarded is estimated to be $73,871.97 (calculated at the rate of 5.5% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in London).

22. In all, the claims for which Plaintiffs LORIE and MARIA sue in this action, as near as presently may be estimated, total **$2,619,086** = $1,605,307.79 for LORIE's claim ($1,170,215.89 hire +$300,000 costs/attorneys fees + $135,091.90 interest) + $1,013,778.21 for MARIA's claim ($639,906.24 hire + $300,000 costs/attorneys fees + $73,871.97 interest), no part of which has been paid by Defendant ZENON, despite due demand. Plaintiffs LORIE and MARIA specifically reserve their right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure LORIE and/or MARIA.

**Request for Rule B Relief**

23.  Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiffs believe that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant ZENON PETROLEUM AND GAS LTD (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

24.  The total amount sought to be attached pursuant to the above is **$2,619,086**.

WHEREFORE, Plaintiffs LORIE SHIPPING INC and MARIA SHIPPING AND TRANSPORT INC pray:

a.  That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b.  That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$2,619,086** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant ZENON PETROLEUM AND GAS LTD, including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within

the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
February 15, 2008

                    FREEHILL HOGAN & MAHAR, LLP
                    Attorneys for Plaintiffs
                    LORIE SHIPPING INC and
                    MARIA SHIPPING AND TRANSPORT INC

By: _____
        Michael E. Unger (MU 0045)
        80 Pine Street
        New York, NY  10005
        (212) 425-1900

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiffs in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our clients and/or by solicitors representing our clients.

3. The reason this verification is made by an attorney and not by the Plaintiffs is because the Plaintiffs are foreign entities, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
15th day of February 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08